# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VICTORIA CARDENAS, <br> DENNIS BUTLER, as Special <br> Administrator of the Estate of <br> Carlos DeSantiago, deceased, <br><br> Plaintiffs, <br><br> v. <br><br> GORGIS H. ORI, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CIV-14-386-R <br> ) <br> ) <br> ) <br> ) |

## ORDER

This matter comes before the Court on the Motion for Summary Judgment filed by Defendant Western Express, Inc. [Doc. No. 96], the Motion for Partial Summary Judgment filed by Defendant YRC, Inc. [Doc. No. 97], and the Motion for Partial Summary Judgment filed by Defendant Western Freight Carrier, Inc [Doc. No. 123]. Plaintiffs responded in opposition to each of the motions. Because the three movants raise the same issue, whether an employer can be held liable for negligent hiring, training, supervision, retention or entrustment in light of stipulating that the individual employee was acting within the scope of employment, the Court addresses all three of the motions in a single order. Having considered the parties' submissions, the Court finds as follows.

This case stems from a multi-vehicle accident near the Oklahoma-Texas border on March 31, 2012. Among the Defendants named in this suit, which is one of many actions arising from this accident, are Western Express, Inc. and its employee, Thomas Schneider,

TRC, Inc., and its employee James Crittenden, and Western Express Freight Carrier, Inc and its employee Augustin Vargas a/k/a Augustin Sahagun. Plaintiffs have alleged that Defendants and their respective employees were negligent in causing the accident, the carriers in part because they each negligently and recklessly hired, trained, supervised and retained their respective drivers. Western Express, YRC, Inc. And Western Freight Carrier, Inc., have admitted that at the time of the accident their respective drivers were acting within the scope of employment, and therefore each contend that pursuant to *Jordan v. Cates*, 935 P.2d 289, 293 (Okla. 1997), Plaintiffs' claims that it negligently and recklessly hired, trained, supervised, retained and entrusted its driver should be dismissed.

In response Plaintiffs argue that they are entitled to pursue alternative theories of recovery and that the Oklahoma Constitution guarantees them a remedy for every wrong. Plaintiffs further contend the behavior of both employer and employee should be separately evaluated for punitive damages purposes and that *Jordan v. Cates* does not apply to the independent negligence of a federal motor carrier or to non-intentional torts.

Pursuant to Federal Rule of Civil Procedure 56, summary judgment shall be granted if the movant establishes there is no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In determining whether a genuine issue of material fact exists, the Court must construe the evidence in the light most favorable to the non-movant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

Generally the Court will address the arguments in the order set forth by Plaintiffs in

their responses to the motions. Although not presented first, the Court will address the primary issue underlying Defendants' motions, the impact of *Jordan v. Cates* on any claim Plaintiffs might seek to pursue on theories of negligent hiring, supervision, and retention or entrustment.[1] *See Jordan v. Cates*, 935 P.2d 289 (Okla. 1997).

*Jordan* involved a claim of battery by a customer against an employee of a convenience store and the store owner. The customer alleged both *respondeat superior* liability and a direct claim of negligent hiring, because the employer knew or should have known the employee had violent tendencies. The Oklahoma Supreme Court held that summary judgment was appropriate in favor of the employer on the negligent hiring claim, "because the negligent-hiring theory imposes no additional liability on the employer where it stipulates its employee was acting within the scope of his employment when the harm-dealing altercation occurred." 935 P.2d at 291. The court distinguished cases cited by the plaintiff that permitted recovery for negligent hiring, because those cases did not involve stipulations by employers that employees were acting within the scope of their employment. As a result, plaintiffs were permitted to pursue alternative theories of direct and *respondeat superior* liability. *Id.* at 292. "Our holding today is limited to those situations where the employer stipulates that liability, if any, would be under the *respondeat superior* doctrine,

---

[1] Plaintiffs did not specifically plead a claim for negligent entrustment. Throughout their brief Plaintiffs include negligent entrustment in the litany of grounds for holding the company Defendants directly liable along with the negligent hiring, training, supervision and retention claims. Even if the Court were to construe Plaintiffs' petition as including negligent entrustment claims against the movants, or the Court were to permit Plaintiffs to add such a claim, the Court would nevertheless grant Defendants summary judgment on the issue.

thereby making any other theory for imposing liability on the employer unnecessary and superfluous." *Id.* at 293.

Plaintiffs contend *Jordan v. Cates* does not apply herein because *Jordan* involved an intentional tort, not a negligence based claim. The Court disagrees. First, the Court cannot conceive of the nature of the tort as dispositive. There is no logic to the notion that an employer would be directly liable for negligent hiring if its employee acted negligently, but not be liable if it negligently hires a person with a lengthy history of violence and the employee assaults a customer. Furthermore, the federal courts in Oklahoma generally have extended *Jordan* to negligence claims. *See Huntley v. City of Owasso*, 497 Fed.Appx. 826, 834 (10th Cir. 2012); *Fisher v. National Progressive, Inc.*, 2014 WL 7399185; *2 (W.D.Okla. 2014); *Bryson v. Sierra Metals, Inc.*, No. CIV–12–839–C, 2013 WL 1397826, *1 (W.D.Okla. Mar. 25, 2013) (describing the distinction as "artificial"); *Dowuona-Hammond v. Integris Health*, 2011 WL 134923 at *3 (W.D. Okla. 2011) ("[b]ecause there is vicarious liability there can be no negligent hiring, retention, or supervision claim"); *Landreville v. Joe Brown Co., Inc.*, 2009 WL 1437801 at *3-4 (E.D. Okla. 2009) ("The language of *Jordan* is unequivocal and not limited in its scope of negligence theory. The Oklahoma Supreme Court expressly stated that when an employer admits liability for its employee, the act of admission makes any other theory for imposition [of] liability on the employer unnecessary and superfluous.")(citations and quotations omitted); *Henderson v. Choctaw County City of Hugo Hosp. Authority*, 2010 WL 2104670 at *4 (E.D. Okla. 2010) (accord); *Aldridge v. Indian Elec. Cooperative*, 2008 WL 1777480

4

at *8 (N.D. Okla. 2008) (same). These cases have refused to limit *Jordan* to intentional torts, and this Court concurs with such conclusion,

Plaintiffs also contend that a recent decision of the Oklahoma Supreme Court emphasized that negligent entrustment is not dependent on the existence of the employer-employee relationship and therefore, pursuant to *Sheffer v. Carolina Forge Company, L.L.C.*, 306 P.2d 544 (Okla. 2013), summary judgment is not appropriate. In *Sheffer*, unlike *Jordan* and the instant action, the employer did not stipulate that its employees were acting with in the scope of their employment at the time of an automobile accident. As such, the direct claim for negligent entrustment was not superfluous. If the plaintiffs failed to prove that the employees were acting within the scope of their employment, they could nevertheless prevail on a theory of negligent entrustment. The court's finding that "whether the negligent act was done during the course and scope of an employee's employment is not relevant to the negligent entrustment analysis," *id.* at 550, was therefore not unexpected or inconsistent with *Jordan*. Indeed it does not appear that the Oklahoma Supreme Court was concerned with the issues raised in *Jordan*, which was not referenced in the opinion, likely because it did not apply in light of the dispute regarding the scope of employment. This Court's conclusion in this regard is consistent with the majority of jurisdictions to have considered the issue. *See Bass v. Hirschbach Motor Lines, Inc.*, 2014 WL 5107594 ("Defendant Hirschbach, after admitting vicarious liability for the accident, previously moved the court to dismiss as redundant plaintiff's claims against it for negligent . . . entrustment . . . and the like. The court granted the motion."). The Court finds that the movants are entitled to summary

5

judgment on Plaintiffs' claims for negligent hiring, training, supervision and retention based on *Jordan*, and notwithstanding the following arguments.

Plaintiffs argue that if the Court's grants partial summary judgment, it will preclude them from seeking a remedy for each wrong and injury in violation of the Oklahoma Constitution, Article 2 § 6 and Article 23 § 7. Plaintiffs, however, will not be deprived of any remedy. The movants each have conceded that if their respective employee was negligent,, liability will automatically attach based on its status as employer. Furthermore, the granting of the motions does not constitute a statutory limitation on the amount of recovery so as to violate § 7.

Plaintiffs also contend they are entitled to plead alternative causes of action, which indeed they are, and they have done. The Court, however, is permitted to remove those claims that are superfluous in accordance with Oklahoma law as set forth above.

The Court similarly rejects Plaintiffs' argument that partial summary judgment is inappropriate because they seek punitive damages.

> Despite Plaintiff's contention that *Jordan* did not address punitive damages, the *Jordan* court expressly held that "[b]ecause vicarious liability can include liability for punitive damages, the theory of negligent hiring and retention imposes no further liability on employer." 1997 OK 9, ¶ 16, 935 P.2d at 293; *see also Landreville*, 2009 WL 1437801 at *4.

*Bryson v. Sierra Metals, Inc.*, 2013 WL 1397826, *2 (W.D.Okla. March 25, 2013).

Plaintiffs also that Defendants, federal motor carriers, may not stipulate away their liability. Defendants, of course, have not made any such stipulation. If Plaintiffs prove that any of the individual drivers were negligent then the respective employer will be liable

without the need for further proof against the employer. Furthermore, although Plaintiffs assert in response to the motion for summary judgment that certain federal safety regulations provide for independent causes of action against the employers, there is no citation in the petition to any regulation or federal statute so as to give notice of such a claim.[2]

Finally, the Court rejects Plaintiff's contention that the elimination of joint and several liability impacts application of *Jordan* to this case. As noted by Judge Heaton in *Chamberlain v. Thomas*, 2012 WL 4355908 (W.D.Okla. Sept. 12, 2012):

> Defendant's negligence in hiring, training or supervising its agent would result in liability to a plaintiff only if plaintiff could establish the negligence proximately caused his injury, which would presumably also require a showing of negligence or other wrongful conduct by the agent.

*Id.* at *1 n. 3. Thus, Plaintiffs' concern that the jury could assign fault solely for independent negligence of the employer and that elimination of that defendant from the apportionment process could impact the verdict is without merit.

For the reasons set forth above, the motions for summary judgment filed by Defendant Western Express, Inc. [Doc. No. 96], Defendant YRC [Doc. No. 97] and Defendant Western Freight Carrier, Inc., [Doc. No. 123] are hereby GRANTED and judgment will be entered in their favor with regard to Plaintiff's claims for negligent supervision, hiring, training, and retention when the remaining claims are resolved.[3]

---

[2] The Court is also dubious that either the Motor Car Act or Federal Motor Carrier Safety Act provides a cause of action. *See Schramm v. Foster*, 341 F.Supp.2d 536, 547 (D.Md. 2004)(collecting cases concluding there is no such right); *Courtney v. Ivanov*, 41 F.Supp.3d 453 (W.D.Pa. 2014)(same).

[3] To the extent Plaintiffs argue that Defendants have not submitted binding stipulations, the Court
(continued...)

IT IS SO ORDERED this 11th day of May, 2015.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[3](...continued)
accepts the representations in the motions filed by Defendants as binding statements regarding scope of employment from which they will not be permitted to retreat.