THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

VICTORIA CARDENAS and WILLIAM )
WOODSON, special administrator of the )
Estate of CARLO DE SANTIAGO, )
Deceased )
And )
D.T. an infant by his mother and natural )
guardian, VALENTINA CHMIL; and V.T., )
an infant by his mother and natural )
guardian, Nataliya Tsisyk, )
                                           )
              Plaintiffs, )
                                           )
v. )   Case No. CIV-14-386-R
                                           )
THOMAS R.J. SCHNEIDER, et al., )
                                           )
              Defendants. )

**ORDER**

Before the Court is the Motion for Summary Judgment (Doc. No. 338) filed by Defendants Thomas Schneider and Western Express. Plaintiffs, Victoria Cardenas and William Woodson, as special administrators of the Estate of Carlos De Santiago, deceased, D.T. an infant by his mother and natural guardian Valentina Chmil, V.T., an infant by his mother and natural guardian, Nataliya Tsisyk, responded in opposition to the motion. (Doc. Nos. 350 and 371). Defendants filed a reply in support of their position. (Doc. No. 372). Upon consideration of the parties' submissions, the Court finds as follows.[1]

---

[1] In the "Introduction" section of their response Plaintiffs Cardenas and Woodson request that the Court strike the motion for summary judgment because Defendant previously filed a motion and did not seek leave of Court to file the instant motion, contrary to the dictates of Rule 56.1(a). In their Reply Defendants request leave, and the Court hereby grants Defendants request for leave, finding that although procedurally improper Plaintiffs are not prejudiced by the filing of the motion as they have responded fully to the merits thereof.

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. To determine whether this standard is met, the court views the evidence in the light most favorable to the non-moving party. *Estate of Booker v. Gomez,* 745 F.3d 405, 411 (10th Cir. 2014). "[T]he plain language of Rule 56(c) mandates entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).[2]

The Motion for Summary Judgment addresses three issues, whether Defendants Schneider and Western Express are entitled to summary judgment on Plaintiff's claims of negligence, whether Plaintiffs may pursue claims for negligent hiring and training, in light

---

[2] In support of their motion Defendants rely significantly on the Motion for Summary Judgment of Ms. Cardenas, the Administrator for the Estate of Mr. de Santiago, and other claimants in the related insurance summary judgment action brought by National Casualty Corporation, insurer for Western Express. (Doc. No. 338-1). Defendants contend that Plaintiffs' response to Defendant's undisputed facts is inappropriate because they did not cite to evidence in support of the disputed facts. The Court notes, however, that a motion even if filed by these same parties, is not evidence, and Defendants have taken certain of the statements out of context. For example, Defendants assert the following in paragraph 2 of the instant motion's "Statement of Undisputed Facts":
> A tractor-trailer vehicle owned by defendant Western Express and driven by Thomas Schneider driving in dense fog struck a vehicle in which Mr. Ori and Mr. Isso were occupants. The Ori/Isso vehicle was knocked into the center median and came to a stop.

(Doc. No. 338, pp. 1-2). The cited paragraph from the motion filed in the declaratory judgment action includes the preface, "[a]s the Special Master concluded, on March 31, 2012," which Defendants did not include in the instant motion. The Court rejected the Special Master's report in the declaratory judgment action. Although the rules require a party to respond to an alleged statement of undisputed fact by citation to evidence, Plaintiffs properly responded here by noting that the alleged factual statements were premised on assertions in the declaratory judgment action, not admissible evidence. Defendants make no argument that Plaintiffs are estopped from advocating for different facts in this action, nor did they rely on evidence in asserting certain of their undisputed facts.

of the admission by Western Express that Defendant Schneider was acting within the scope of his employment, and that Defendants should not be held liable for punitive damages. The Court previously granted summary judgment to Defendant Western Express on the negligent hiring, training, supervision, and retention claims of Plaintiffs Cardenas and Woodson as special administrator of the Estate of Carlos de Santiago. Defendant Western Express now seeks summary judgment on the negligent hiring and training claims of Plaintiffs Tsisyk and Chmil.[3] In response to the motion for summary judgment Plaintiffs de Santiago and Cardenas address a negligent entrustment claim, however, no such claim was pled by these Plaintiffs.[4] Plaintiffs Tsisyk and Chmil pled a negligent entrustment claim in the Third Amended Complaint. Defendant Western Express did not address the negligent entrustment claim until its reply brief.[5] There it argued in a footnote:

> The Court consolidated these matters for trial. This issue is paramount to making sure the cases can be tried together. Plaintiffs Cardenas/Woodson cannot avail themselves of claims that are only available to Plaintiffs Chmil/Tsisyk, e.g., negligent entrustment, when no such claim was pled by Cardenas/Woodson and therefore, does not exist. The Chmil and Tsisyk

---

[3] Plaintiffs Tsisyk and Chmil included a claim of negligent entrustment against Western Express in their Third Amended Complaint. (*Chmil v. Schneider,* CIV-14-944-R, Doc. No. 128, ¶ 33).

[4] The Court noted the absence of such a claim in its Order granting Defendants Western Express and Schneider partial summary judgment.
> Plaintiffs did not specifically plead a claim for negligent entrustment. Throughout their brief Plaintiffs include negligent entrustment in the litany of grounds for holding the company Defendants directly liable along with the negligent hiring, training, supervision and retention claims. Even if the Court were to construe Plaintiffs' petition as including negligent entrustment claims against the movants, or the Court were to permit Plaintiffs to add such a claim, the Court would nevertheless grant Defendants summary judgment on the issue.

Doc. No. 134, p. 3, n. 1.

[5] The motion for summary judgment includes the following:
> Having admitted respondeat superior liability for any acts or omissions of its driver, Defendant Thomas Schneider, relating to this action, employment law claims, including but not limited to alleged negligent hiring, training, supervision, and retention, as well as "any other theory" purporting to impose liability on Western Express (excepting negligent entrustment), are no longer viable.

Doc. No. 338, pp. 19-20.

3

> Plaintiffs will either have to abandon their negligent entrustment claim or the matter will need to be tried separately. Plaintiffs clearly must have understood that their respective claims would need to be aligned to try their respective lawsuits to the same jury.

Doc. No. 372, p. 8, n. 1. "[A] party waives issues and arguments raised for the first time in a reply brief." *Gutierrez v. Cobos*, 841 F.3d 895, 902 (10th Cir. 2016); *see also e.g., U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, No. 05-2192-JWL, 2008 WL 3077074, at *9 n.7 (D. Kan. Aug. 4, 2008) (citing *Minshall v. McGraw Hill Broadcasting Co.*, 323 F.3d 1273, 1288 (10th Cir. 2003)).[6] Plaintiffs Tsisyk and Chmil did not challenge the argument by Western Express that summary judgment is appropriate on their negligent hiring, supervision, retention, or training claims, and for the reasons previously set forth by the Court in CIV-14-386-R, Doc. No. 134, Defendant, having conceded vicarious liability, is entitled to summary judgment on those claims.

The Court therefore turns to whether genuine issues of material fact exist with regard to Defendants' liability. The Court need not delve deeply into the facts to conclude that the moving Defendants are not entitled to summary judgment. This case involves a series of chain reactions on March 31, 2012, that began when Defendant Schneider, while driving a semi-truck for his employer Western Express, hit a BMW driven by Gorgis Ori, traveling west on Interstate 40 near the Oklahoma/Texas border. On what all parties agree was a foggy day with mostly obstructed vision, Defendant Schneider pulled his Western Express vehicle partially off the roadway, exited the cab and went to check on the

---

[6] The attempt by Defendants to address this issue in a single footnote, even if contained in a motion rather than a reply brief, would be insufficient to permit the Court to address the propriety of permitting a negligent entrustment claim to be tried with the underlying actions regarding Mr. Schneider's negligence.

4

occupants of the BMW, which he had hit because he had been unable to see it. Despite Schneider's inability to see the BMW and his failure to ensure that his semi-tractor was off the roadway or that oncoming motorists would be aware of his presence in the roadway, Defendants contend it was not foreseeable that James Crittenden would drive his semi-truck on the highway at speeds too fast for the foggy conditions and hit the protruding rear of Schneider's truck. The Court finds that a jury could conclude otherwise.

The parties correctly focus on the issue of whether Plaintiffs can establish that Defendant Schneider proximately caused their injuries in light of the alleged negligence by Defendant Crittenden. Defendants Schneider and Western Express argue that Defendant Crittenden's actions were a supervening cause of the injury to Ms. Cardenas and the deaths of Mr. de Santiago and Mr. Tsisyk.

> Negligence is not actionable unless it *proximately causes* the harm for which liability is sought to be imposed. In a negligent tort case the question of *proximate cause* is generally one of fact for the jury. It becomes one of law *only* when there is *no evidence* from which a jury could reasonably find a causal nexus between the act and the injury. The *presence* of competent evidence to show this causal connection—i.e. whether there is *any* competent evidence that would support a jury finding of causation—is *in turn* a law question for the court.

*Jackson v. Jones*, 907 P.2d 1067, 1072-73. (Okla. 1995)(footnotes omitted).

> The general rule is that the causal chain between a negligent act and an injury may be broken by an intervening event—a *supervening cause*. Not every intervening event severs the causal link between negligent act and injury. For example, when a cause *merely combines* with another act to produce injury, or *several events coincide* to bring about a single injurious result, *each* negligent actor may be held accountable. For an occurrence to rise to the magnitude of a *supervening cause* it must possess three attributes: (1) *independence* from the original negligent act, (2) *adequacy of itself* to bring about the complained-injury and (3) *reasonable unforeseeability*. The question of an intervening events *foreseeability* calls for an *evaluative*

5

> *determination* by the trier of fact. Whether the injurious consequences that resulted from the original negligence could have been reasonably foreseen is an issue traditionally within the realm of *fact*, *not law*. If the intervening force is of a character which (under the circumstances) would induce belief that it might be *reasonably expected* to occur, the final element is *not* met and the causal chain will remain *unbroken*.

*Id.* at 1073. The Court finds there is sufficient evidence from which a jury could find Defendant Schneider liable for negligence.

The cases upon which Defendants Schneider and Western Express rely do not provide a basis for concluding summary judgment is proper under the facts of this case. In *Woodward v. Kinchen*, 446 P.2d 375 (Okla. 1968), Woodward was injured when a vehicle that was backing up erratically struck Defendant Kinchen's car, in which she was a passenger. Woodward alleged the collision was proximately caused by the combined negligence of both drivers, arguing that Kinchen was negligent in part because he had stopped in the road and was talking to another driver, who had been traveling east immediately prior to the collision.[7] "[A]n injury which could not have been foreseen nor reasonably anticipated as the probable result of an act of negligence is the standard by which the existence of a condition is tested." *Id.* at 378. In concluding that Kinchen's stopping of his car was not the proximate cause of Woodward's injuries the court focused on foreseeability. "It is our opinion that the injury could not have been foreseen nor reasonably anticipated as the probable result of Kinchen stopping his car in the street." *Id.* at 378 (citing *Pepsi-Cola Bottling of Tulsa, Okl. v. Von Brady, Okl.* 386 P.2d 993 (Okla.

---

[7] Kinchen testified his car was moving at all times and that he tried to turn left to avoid the errant backwards driver headed toward him at a speed between 35 and 50 miles per hour.

1963)) The *Woodward* court distinguished an earlier case, *Cleveland v. Stanley*, 9 P.2d 10 (Okla. 1932), upon which Woodward had relied.

> The facts are not the same. In the cited case the driver of a motor truck, loaded with hay, stopped the truck on the paved highway and permitted it to remain there after dark without lights on the rear end. Plaintiff was driving his car on the highway, approaching the truck from the *rear*, and collided with the truck's *rear*. We said that it could not be said as a matter of law that a person of ordinary intelligence, under these circumstances, would not have foreseen that such a collision was liable to be produced. In the present case it was daylight and Kinchen's car was struck by a car *backing* at a high rate of speed toward the *front* of the Kinchen car.

*Id.* at 377. This case more closely resembles *Cleveland*. Similarly, in *Dirickson v. Mings*, 910 P.2d 1015 (Okla. 1996), the court held that summary judgment was inappropriate on the basis that the alleged negligence was a condition rather than a cause where the defendant left a disabled vehicle not equipped with emergency flashers against the curb in the right hand lane. The plaintiff was injured when the car traveling in front of him swerved suddenly to the left lane to avoid defendant's disabled vehicle. Although defendant Ming successfully argued to the trial court that his car's presence in the right-hand lane was a condition, not a cause, the Oklahoma Supreme Court disagreed that summary judgment was appropriate.

> There is a fact question as to whether or not Dirickson's ability to see Mings' pickup was obscured by the vehicle in front of Dirickson. Because there is a fact question, with the potential for different inferences from the facts available, summary judgment is improper. Causation traditionally lies within the realm of fact, not law. *Atherton [v. Devine],* 602 P.2d [634] at 637. Whether the actions of Mings were negligent, and if negligent whether the consequences could have been reasonably foreseen or anticipated are jury questions. "[T]he question of reasonable foreseeability of an intervening act or agency causing subsequent injury is to be determined by the jury." *Atherton,* 602 P.2d at 637.

7

*Id.* at 1020. The cases addressing foreseeability and proximate cause with regard to parked or stalled cars generally share the characteristic of visibility, *i.e.*, the parked car was visible to oncoming drivers. *See e.g. Cheatham v. Van Dalsem*, 350 P.2d 593, (Okla. 1960)(affirming directed verdict for the defendant despite the absence of rear brake lights on his car, because the intersection at which he was stopped was well lit and his vehicle was stopped at an intersection to turn left). The *Cheatham* court identified the issue as such, distinguishing prior cases:

> The plaintiff relies principally on the cases of *Kraft Foods Co. v. Chadwell*, 207 Okl. 379, 249 P.2d 1002, and *Taylor v. Ray*, 177 Okl. 18, 56 P.2d 376. In both of these cases, the trucks were parked in the lane of traffic on a public highway out in the country without taillights burning or other warning. The highways were not lighted, the trucks were not stopped at an intersection waiting for traffic lights to change and there were no other lights adjacent to the trucks to light up and make the trucks more visible to the naked eye. The trucks were also parked just over a rise, making it impossible to see them until right upon them. These cases are distinguishable from the case at bar and the law promulgated therein is not applicable.

*Id.* at 595-96; *see also Thur v. Dunkley*, 474 P.2d 403 (Okla. 1970)(no proximate cause where truck stopped to fix flat on a cloudy day where the visibility was fine and defendant was hit by truck with unobstructed views of the stranded vehicle).

As stated by the court in *Progressive Northern Ins. Co. v. Batesel*, No. CIV-04-0478-HE, 2010 WL 1255916 (W.D. Okla. Mar. 26, 2010), this case is more akin to those in which "the courts have concluded that the jury should determine whether the second of two [allegedly] negligent acts was reasonably foreseeable, so that the first was a proximate cause of the resulting injuries and not a mere condition." *Id.* at *2 (citing *Bannister v. Noble*, 812 F.2d 1265 (10th Cir. 1987), *Dirickson v. Mings*, 910 P.2d 1015 (Okla. 1996),

8

*Jackson v. Jones*, 907 P.2d 1067 (Okla. 1995) and *Long v. Ponca City Hospital, Inc.*, 593 P.2d 1081 (Okla. 1979)); *see also Hinds v. Warren Transport*, 882 P.2d 1099 (Okla. Civ. App. 1994)(finding court did not err in concluding actions of driver stopping his black truck on an unlit four lane highway on an overcast night without hazard lights and with grimy taillights was not a condition but rather a cause of a subsequent accident).[8] The Court finds summary judgment inappropriate in favor of the moving Defendants Western Express and Schneider on the issue of their liability.

Finally, Defendants seek summary judgment on the issue of punitive damages. A federal court sitting in diversity applies the substantive law of the forum state. *Napier v. Cinemark USA, Inc.*, 635 F. Supp. 2d 1248, 1250 (N.D. Okla. 2009). In Oklahoma, punitive damages are generally considered to be an element of recovery of the underlying cause of action; a request for punitive damages is not a separate cause of action. *Rodebush v. Okla. Nursing Homes, Ltd.*, 867 P.2d 1241, 1247 (Okla. 1993). The Court, acting as gatekeeper, determines as a matter of law whether a plaintiff has produced sufficient evidence from which a reasonable jury could find that the defendant acted with reckless disregard. *Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1106 (Okla. 2005). Punitive damages may be awarded only if, at a minimum, a plaintiff shows by clear and convincing evidence that the defendant was "guilty of reckless disregard for the rights of others." Okla. Stat. tit. 23 § 9.1.

---

[8] Defendant argues in its reply that "Crittenden's negligence will always be greater and even more unforeseeable as he was, in the same fog, driving a double-trailer while passing in the left/fast lane—after Schneider had already exited his vehicle, checked on the occupants of the vehicle he struck, returned to his vehicle, called 911, and was on his CB attempting to warn other drivers when subsequently struck by Crittenden." (Doc. No. 372, p. 7). Although the jury may ultimately conclude that Defendant Crittenden was more negligent than Defendant Schneider, such a finding does not preclude a conclusion that both men were negligent and both the proximate cause of the injuries of one or more of the Plaintiffs herein.

Reckless disregard is established by showing that the defendant "was either aware, or did not care, that there was a substantial and unnecessary risk that [his] conduct would cause serious injury to others." *Gowens v. Barstow*, 364 P.3d 644, 652 (Okla. 2015)(quoting OUJI-Civ. No. 5.6).

Construing the evidence in the light most favorable to Plaintiffs, the Court finds that the evidence indicates at most that Defendant Schneider was negligent; Plaintiffs have not presented clear and convincing evidence that Defendant Schneider acted with reckless disregard as to the underlying accident. There is no evidence he was aware of the presence of Mr. Crittenden's vehicle behind him at the time he came into contact with the BMW or when he pulled his vehicle to the side. "The mere happening of an accident as a result of inadvertence on the part of the [allegedly] responsible party is insufficient to constitute gross negligence." *Fulton v. Cutter Equip., LLC,* NO. CIV-17-261-RAW, 2018 WL 1385963, at *2 (E.D. Okla. Mar. 19, 2018)(citing *Hinds v. Warren Transport, Inc.*, 882 P.2d 1099, 1102 (Okla. Civ. App. 1994)).[9]

For the reasons set forth herein, Defendants' Motion for Summary Judgment is GRANTED as to Plaintiffs' request for punitive damages regarding the underlying liability for the accident and denied as to the issue of Defendants' liability for negligence and negligent entrustment.[10]

---

[9] The Court further notes that the record in this case thus far indicates that the parties involved in the chain reaction generally acted similarly, that is each driver was on the roadway operating a vehicle at a speed that clearly, based on the results, rendered travel unsafe.

[10] Because Defendant did not address punitive damages and negligent entrustment, the Court cannot grant summary judgment on the claim.

**IT IS SO ORDERED** this 7th day of October 2020.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE