## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

VICTORIA CARDENAS and WILLIAM   )
WOODSON, special administrator of the  )
Estate of CARLO DE SANTIAGO,     )
Deceased                           )
And                               )
D.T. an infant by his mother and natural  )
guardian, VALENTINA CHMIL; and V.T., )
an infant by his mother and natural     )
guardian, Nataliya Tsisyk,        )
                                  )
        Plaintiffs,          )
                                  )
v.                         )      Case No. CIV-14-386-R
                                  )
THOMAS R.J. SCHNEIDER, et al.,    )
                                  )
        Defendants.     )

## <u>ORDER</u>

Before the Court is the Motion for Partial Summary Judgment on Plaintiffs' Punitive Damages Claims, filed by Defendants YRC, Inc., Old Republic Insurance Company, and James Crittenden. (Doc. No. 344).[1] Plaintiffs, Victoria Cardenas and William Woodson, as special administrators of the Estate of Carlos de Santiago, deceased, D.T. an infant by his mother and natural guardian Valentina Chmil, V.T., an infant by his mother and natural guardian, Nataliya Tsisyk, responded in opposition to the motion. (Doc. Nos. 352 and 370).[2] Defendants filed a reply to the response filed by Plaintiffs Cardenas and Woodson. (Doc. No. 365). Upon consideration of the parties' submissions, the Court finds as follows.

---

[1] Defendants Old Republic and YRC, Inc. have accepted responsibility for actions of Defendant Crittenden.

[2] Plaintiffs D.T. and V.T. adopted the response filed by Ms. Cardenas and the Estate of Mr. de Santiago. (Doc. No. 370).

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. To determine whether this standard is met, the court views the evidence in the light most favorable to the non-moving party. *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014). "[T]he plain language of Rule 56(c) mandates entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The two cases consolidated into this single remaining action are the result of a multi-vehicle accident that occurred on the morning of March 31, 2012, on westbound Interstate 40, approximately one mile from the Oklahoma-Texas border. Defendant Crittenden was driving a 2009 Volvo semi-tractor with two attached trailers on a roadway described by officers with the Oklahoma Highway Patrol and various parties as foggy and that the fog was thicker in some places than others. [3]

At approximately 8:27 a.m. the first impact of the sequence occurred when a 2011 Freightliner driven by Thomas Schneider, as agent for Western Express, collided with the

---

[3] Plaintiffs concede a majority of the facts set forth in the motion for summary judgment, asserting those facts are not dispositive. Plaintiffs' attempt to dispute certain facts falls short because the responsive paragraphs fail to cite to any evidence in support of their version of the facts as mandated by Federal Rule of Civil Procedure 56 and Local Civil Rule 56.

rear of a BMW driven by Gorgis Ori in the outside (right) westbound lane. The BMW was either stopped on the road or traveling well below the posted speed limit. Both the BMW and Schneider's truck came to a stop in the center median of the highway following their impact. The Western Express tractor-trailer, however, was not completely removed from the roadway, its flatbed trailer extended partially into the inside (left) lane.

Defendant Crittenden, unaware of the accident between Schneider and Ori, approached from the east. He had been traveling in the outside lane behind a Con-way semi-tractor trailer driven by Michael Noll, near mile marker 22. Crittenden testified that he was concerned for his safety while driving behind Mr. Noll, because Noll was not traveling at the minimum highway speed.[4] Crittenden moved to the inside lane in order to pass Noll. Crittenden testified that he and Noll passed a BMW sitting in the median at approximately the same time, traveling side-by-side.[5] After passing the BMW—the car driven by Ori—Crittenden saw the Western Express trailer, which had no lights or flashers on, occupying half of the inside westbound lane, although Crittenden could not discern whether the vehicle was stationary or moving slowly. Crittenden testified that he was unable to swerve right because of the Con-way truck's proximity, but he applied his brakes and swerved to the right as soon as he could. Nevertheless, his truck clipped Schneider's trailer, pulling it into the roadway, resulting in the obstruction of half of the inside westbound lane. Crittenden had been pulling dual trailers; his second trailer detached from

---

[4] Crittenden indicated he had been passed at different times and felt like he was an obstacle on the roadway. (Doc. No. 344-6, p. 61). Plaintiffs object to much of Defendant Crittenden's testimony as self-serving, but they do not present contrary evidence.

[5] Crittenden testified that as he sped up to pass Noll, Noll increased his speed. (Doc. No. 344-6, p. 62).

the front trailer and the cab and came to rest near mile marker 1. He brought the cab and the still-attached front trailer to a stop west of Schneider's vehicle, on the outside shoulder.

The decedents, Mr. de Santiago and Mr. Tsisyk, as well as Plaintiff Cardenas were driving vehicles that came upon the accident site after Defendant Crittenden. Carlos de Santiago was driving a 2002 Chevrolet Trailblazer and towing a GMC Envoy. He struck the rear of a 2011 International semi-truck driven by Jeff Kramer, stopped because of the accident, and de Santiago's car underrode the semi-trailer. De Santiago's airbag control module indicated he was traveling 69 miles per hour two seconds before impact, and that his speed fell to 60 miles per hour one second before impact. He died as a result of injuries sustained in the crash. His wife, Plaintiff Victoria Cardenas, was driving a 2002 Ford Explorer towing an Isuzu Rodeo; she was following directly behind her husband. After Mr. de Santiago's vehicle became wedged beneath the Kramer's trailer, Ms. Cardenas struck his vehicle from the rear; her speed at the time of impact was estimated between 68 and 69 miles per hour.

Decedent Lubomir Tsisyk was driving a 2005 Volvo semi-truck when he came upon the various vehicles stopped on I-40. He swerved left and his truck struck the Freightliner driven by Defendant Schneider. The Oklahoma Highway Patrol was unable to discern the speed at which Mr. Tsisyk was traveling. His vehicle caught fire, resulting in Mr. Tsisyk's death.

Plaintiffs seek compensatory and punitive damages from Defendant Crittenden and his employer, YRC. Defendants seek summary judgment on Plaintiffs' claims for punitive damages. In support of their request for punitive damages Plaintiffs note that the fog was

4

described as very thick, and that pursuant to the Federal Motor Carrier Safety Regulations Defendant Crittenden should have stopped his vehicle when the fog made driving unsafe. Plaintiffs also contend that Defendant Crittenden should not have passed the Con-way truck.

A federal court sitting in diversity applies the substantive law of the forum state. *Napier v. Cinemark USA, Inc.*, 635 F. Supp. 2d 1248, 1250 (N.D. Okla. 2009). In Oklahoma punitive damages are generally considered to be an element of recovery of the underlying cause of action; a request for punitive damages is not a separate cause of action. *Rodebush v. Okla. Nursing Homes, Ltd.*, 867 P.2d 1241, 1247 (Okla. 1993). The Court, acting as gatekeeper, determines as a matter of law whether a plaintiff has produced sufficient evidence from which a reasonable jury could find that the defendant acted with reckless disregard. *Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1106 (Okla. 2005). Finally, punitive damages may be awarded only if, at a minimum, a plaintiff shows by clear and convincing evidence that the defendant was "guilty of reckless disregard for the rights of others." Okla. Stat. tit. 23 § 9.1. Reckless disregard is established by showing that the defendant "was either aware, or did not care, that there was a substantial and unnecessary risk that [his] conduct would cause serious injury to others." *Gowens v. Barstow*, 364 P.3d 644, 652 (Okla. 2015)(quoting OUJI-Civ. No. 5.6).

Construing the evidence in the light most favorable to Plaintiffs, the Court finds that they have not presented clear and convincing evidence that Defendant Crittenden or

Defendant YRC, Inc. acted with reckless disregard.[6] The evidence presented indicates at most that Defendant Crittenden may have been negligent in operating the YRC truck which caused him to strike the portion of Defendant Schneider's vehicle that was protruding into the left-hand lane of Interstate 40. There is no evidence, however, that Defendant Crittenden was aware of the presence of Mr. Schneider's semi-truck on any portion of the roadway or that he was aware that continuing in the left hand lane would result in the obstruction of the entire lane for all persons traveling behind him. "The mere happening of an accident as a result of inadvertence on the part of the [allegedly] responsible party is insufficient to constitute gross negligence." *Fulton v. Cutter Equip., LLC,* No. CIV-17-261-RAW, 2018 WL 1385963, at *2 (E.D. Okla. Mar. 19, 2018)(citing *Hinds v. Warren Transport, Inc.*, 882 P.2d 1099, 1102 (Okla. Civ. App. 1994).[7]

For the reasons set forth herein, Defendants' Motion for Summary Judgment is GRANTED as to Plaintiffs' request for punitive damages.

**IT IS SO ORDERED** this 7th day of October 2020.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[6] Plaintiffs argue there is evidence that Defendant acted intentionally and with malice toward others, the higher standard for punitive damages. Having concluded that Plaintiffs lack clear and convincing evidence of the lower standard, the Court need not address the Category II standard set forth in Okla. Stat. tit. 23 § 9.1(C).

[7] The Court further notes that the record in this case thus far indicates that the parties involved in the chain reaction generally acted similarly, that is, each driver was on the roadway operating a vehicle at a speed that clearly, based on the results, rendered travel unsafe.